**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RICHARD PEEPLES, RUTH
NELSON-PEEPLES, and U.S.
COASTAL PROPERTY AND
CASUALTY INSURANCE
COMPANY, a/s/o Richard Peeples
and Ruth Nelson-Peeples,

    Plaintiffs,

v.   Case No. 3:20-cv-5-MMH-JRK

OMEGA FLEX, INC., and
FARRELLL'S MECHANICAL &
PLUMBING, INC.,

    Defendants.
_____/

**O R D E R**

    **THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal

district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On January 2, 2020, Defendant Omega Flex, Inc. removed this case to the United States District Court for the Middle District of Florida. See generally Defendant Omega Flex Inc.'s Petition and Notice of Removal (Doc. 1; Notice). At that time, Omega Flex was the only defendant named in the action. See Plaintiffs' Complaint (Doc. 3). In support of removal, Omega Flex invoked the Court's diversity jurisdiction, and alleged that it was a citizen of Pennsylvania, Plaintiffs were citizens of Florida, and the amount in controversy exceeded $75,000. See Notice ¶¶ 4–8, 11. Accordingly, at the time of removal, it appeared that the Court had diversity jurisdiction over this action.

On October 27, 2021, Plaintiffs sought leave to file an amended complaint adding Farrell's Mechanical & Plumbing, Inc., as a defendant. See Plaintiffs' Unopposed Motion for Leave to File Amended Complaint (Doc. 59; Motion) at 2. Plaintiffs represented that, after conferral, Omega Flex did not object to Plaintiffs filing an amended complaint that added Farrell's Mechanical & Plumbing as a defendant. See id. As such, consistent with the parties'

agreement, the Magistrate Judge granted Plaintiffs' Motion. See Order of October 28, 2021 (Doc. 61).

Plaintiffs filed Plaintiffs' First Amended Complaint on October 28, 2021. See Plaintiffs' First Amended Complaint (Doc. 62; Amended Complaint). In the Amended Complaint, Plaintiffs name Omega Flex and Farrell's Mechanical & Plumbing as Defendants. See id. ¶¶ 3–4. Notably, Plaintiffs allege that Farrell's Mechanical & Plumbing is incorporated in the state of Florida and has its principal place of business in Florida. See id. ¶ 4. As such, Farrell's Mechanical & Plumbing is a citizen of the state of Florida. See 28 U.S.C. § 1332(c)(1). For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. Because Plaintiffs are citizens of Florida, with the addition of Farrell's Mechanical & Plumbing, also a citizen of Florida, complete diversity no longer exists in this case.

Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." In addition, § 1447(e) provides that: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand

3

the action to the State court."[1] Interpreting this provision, the Eleventh Circuit Court of Appeals has specifically instructed that when § 1447(e) is applicable, "the district court [is] left with only two options: (1) deny joinder; or (2) permit joinder and remand [Plaintiffs'] case to state court." Ingram, 146 F.3d at 862. For this reason, the Court in Ingram held that because "[t]he district court chose to permit the diversity-destroying joinder, . . . it should have remanded [the] action to [the state] circuit court." Id. Here, for the same reason, given the parties' agreement to permit the joinder of Farrell's Mechanical & Plumbing, and the Court's grant of permission for Plaintiffs to file the Amended Complaint with Farrell's Mechanical & Plumbing as a defendant, the Court no longer has diversity jurisdiction. Because the Court identifies no other basis for federal subject matter jurisdiction, this case will be remanded to the state court. See id. (After permitting plaintiff to add a non-diverse defendant after removal, "[t]he district court had no discretion to add the [nondiverse defendant], retain jurisdiction and decide the case on the merits.").

---

[1] Because the case is here on removal, the liberal amendment standard of Rule 15, Federal Rules of Civil Procedure, did not govern Plaintiffs' request for leave to amend their complaint to join Farrell's Mechanical & Plumbing, a non-diverse defendant. Instead, Plaintiffs' request was governed by § 1447(e). See Ingram v. CSX Transp., Inc., 146 F.3d 858, 862 (11th Cir. 1998) (explaining that a post-removal amendment to add a party whose actions arise out of the same occurrence amounts to a joinder governed by § 1447(e)); see also Bevels v. American States Ins. Co., 100 F. Supp. 2d 1309, 1312 (M.D. Ala. 2000) ("28 U.S.C. § 1447(e), rather than Rule 15(a), should apply when a plaintiff seeks to amend a complaint to destroy diversity jurisdiction after removal.").

the action to the State court."[1] Interpreting this provision, the Eleventh Circuit Court of Appeals has specifically instructed that when § 1447(e) is applicable, "the district court [is] left with only two options: (1) deny joinder; or (2) permit joinder and remand [Plaintiffs'] case to state court." Ingram, 146 F.3d at 862. For this reason, the Court in Ingram held that because "[t]he district court chose to permit the diversity-destroying joinder, . . . it should have remanded [the] action to [the state] circuit court." Id. Here, for the same reason, given the parties' agreement to permit the joinder of Farrell's Mechanical & Plumbing, and the Court's grant of permission for Plaintiffs to file the Amended Complaint with Farrell's Mechanical & Plumbing as a defendant, the Court no longer has diversity jurisdiction. Because the Court identifies no other basis for federal subject matter jurisdiction, this case will be remanded to the state court. See id. (After permitting plaintiff to add a non-diverse defendant after removal, "[t]he district court had no discretion to add the [nondiverse defendant], retain jurisdiction and decide the case on the merits.").

---

[1] Because the case is here on removal, the liberal amendment standard of Rule 15, Federal Rules of Civil Procedure, did not govern Plaintiffs' request for leave to amend their complaint to join Farrell's Mechanical & Plumbing, a non-diverse defendant. Instead, Plaintiffs' request was governed by § 1447(e). See Ingram v. CSX Transp., Inc., 146 F.3d 858, 862 (11th Cir. 1998) (explaining that a post-removal amendment to add a party whose actions arise out of the same occurrence amounts to a joinder governed by § 1447(e)); see also Bevels v. American States Ins. Co., 100 F. Supp. 2d 1309, 1312 (M.D. Ala. 2000) ("28 U.S.C. § 1447(e), rather than Rule 15(a), should apply when a plaintiff seeks to amend a complaint to destroy diversity jurisdiction after removal.").

Accordingly, it is **ORDERED**:

1. This case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, for further proceedings.

2. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of that court.

3. The Clerk is further **DIRECTED** to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on November 3, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc30
Copies to:

Counsel of Record
Clerk, Circuit Court, Fourth Judicial Circuit,
in and for Duval County, Florida